UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRANDON R. SMITH,

                              Plaintiff,

      v.                                                7:10-cv-353

BLACK & DECKER (U.S.) INC.,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

       Plaintiff Brandon Smith commenced the instant action against Defendant Black & Decker, Inc. seeking to recover for personal injuries he claims to have sustained while using a circular saw designed and manufactured by Defendant.  Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety.  By Decision and Order dated January 3, 2011, familiarity with which is presumed, the Court denied Defendant's motion.  Presently before the Court is Defendant's motion for reconsideration or, in the alternative, for leave to appeal the denial of its motion.

       Defendant does not identify any controlling law or factual matters that the Court may have overlooked and that might reasonably be expected to alter the Court's conclusion. Rather, Defendant simply reargues the same points raised in its motion for summary judgment.  Whether Plaintiff used a specific saw manufactured by Defendant, the condition of that saw when it left Defendant's possession, when it left Defendant's possession, the labeling on the saw, and whether the saw operated as intended are all factual matters within

the province of the jury.  Without doubt, the existence of the actual saw would make the fact finding process much easier.  But that is not to say that the facts necessary for Plaintiff to establish his claims cannot be satisfied in the absence of the saw.  Numerous products liability cases are tried in the absence of the existence of the claimed offending product, whether because the product cannot be found or was destroyed.  Although Plaintiff faces a significant uphill battle in proving his case and the likelihood of success may appear grim, his claims may be proved circumstantially.  Without the benefit of discovery, it cannot be said at this time that it is impossible for Plaintiff to prove his claims.  For example, although unlikely, discovery may reveal that Defendant only sold saws to the CIA in one particular year and of only a particular model.  Discovery may otherwise narrow the field of possible saws at issue.  Accordingly, the motion for reconsideration is DENIED.

Defendant next seeks leave to appeal the Court's non-final order.  Defendant states that "the Court erred . . . since the accident saw at issue will never be available and the parties will never know the saw's pre-accident condition."  While Defendant is correct that the saw may never be available, it is incorrect that the parties will never know the saw's pre-accident condition.  Discovery may permit Plaintiff to narrow down the class of saws at issue, (possibly even to a single saw), when they were sold to the government, what models were sold to the government, and, thus, determine the design (and model year) of the saw Plaintiff used, the warnings that came with the saw, whether other saws of that model were subject to a design or manufacturing defect, etc.  Further, Plaintiff may be able to testify concerning labels or warnings on the saw and the manner in which the saw functioned (or failed to function).  Thus, circumstantial may be available to assist Plaintiff in his claims.

Considering the overall progress of this case, the parties have not had an opportunity to explore the available evidence. Under the original scheduling order, discovery was not due to be completed until March 2011. Defendant filed a motion for summary judgment in November 2010, during the pendency of which discovery was stayed. According to Plaintiff, little to no discovery has been conducted against Defendant to date. It does not appear that Plaintiff's deposition has yet to be taken. It, thus, appears that the discovery deadlines will need to be extended. It is premature to conclude whether there is sufficient circumstantial evidence to permit Plaintiff to prove his claims. Because the parties have not yet had an opportunity to delve into the facts that may be available to prove or disprove Plaintiff's claims, the Court finds an appeal to be premature. Allowing an appeal before the parties have had an opportunity to conduct discovery would be a waste of judicial (and the parties') resources and would be unlikely to advance the ultimate resolution of this dispute.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for reconsideration or, in the alternative, to take an interlocutory appeal is DENIED.

IT IS SO ORDERED.

Dated: February 15, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge